**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANTOINETTE R. MEDINA,

        Plaintiff,

v.                                        No. CV 18-762 WJ/CG

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on Plaintiff's *Motion to Appoint Counsel* (the "Motion"), (Doc. 3), filed August 8, 2018. The Court, having reviewed the Motion, record of the case, and relevant law, finds the Motion is not well-taken and should be **DENIED WITHOUT PREJUDICE**.

On August 8, 2018, Ms. Medina filed a complaint against the Social Security Administration (the "SSA"), claiming that her medical condition had declined and the Appeals Council wrongly denied her supplemental security income ("SSI"). (Doc. 1 at 2). On August 13, 2018, the Court granted Ms. Medina's *Motion for Leave to Proceed in forma pauperis*. (Doc. 6). Next, on September 27, 2018, the Court ordered service of process on the SSA. (Doc. 8). In her present Motion, Ms. Medina now asks the Court to appoint her counsel. (Doc. 3).

There is no Sixth Amendment right to the appointment of counsel in a civil case. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). Therefore, it is the plaintiff who bears the burden of proving that the appointment of counsel is warranted.

*Martinez v. True*, 128 Fed. Appx. 714, 716 (10th Cir. 2005) (unpublished) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

The final decision to appoint counsel ultimately rests in the sound discretion of the court. *See McCarthy v. Weinberg*, 753 F.2d 836, 839-40 (10th Cir. 1985). In making this determination, the court should consider the merits of the plaintiff's claim, the nature and complexity of the factual and legal issues, and the plaintiff's ability to investigate the facts and adequately present her claim. *Hill*, 393 F.3d at 1115. In addition, the court may consider the plaintiff's ability to afford counsel and her diligence in searching for counsel independently, before asking the court to make the appointment for her. *Castner v. Colo. Springs Cabledivision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992). The court should analyze these considerations in light of the totality of the circumstances. *McCarthy*, 753 F.2d at 839-40. This analysis includes a final determination that the lack of counsel does not result in fundamental unfairness to the plaintiff. *Id.*; *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

The Court has reviewed Ms. Medina's *Motion to Appoint Counsel*, (Doc. 3), and her former filings in light of the foregoing factors. Notably, Ms. Medina is proceeding *in forma pauperis*, and has therefore already demonstrated that she is unable to pay attorney's fees at this time. *See* (Doc. 6). Unlike other civil cases, however, social security attorneys often require no payment from the plaintiff unless a verdict is returned in the plaintiff's favor. *See Soc. Sec. Basics*, Nat'l Org. of Soc. Sec. Claimants' Reps., https://nosscr.org/social-security-basics#39 (last visited Sept. 26, 2018). In addition, attorney's fees may be paid by the government pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, or may be covered by the plaintiff's award of back pay. *Id.*

Therefore, Ms. Medina's inability to pay does not preclude her from privately securing counsel.

Next, the Court has considered Ms. Medina's own diligence in securing counsel. In her complaint, Ms. Medina states that she was previously represented by an attorney at the administrative level, but her former attorney will not be representing her in the present case. (Doc. 1 at 2). However, Ms. Medina has not demonstrated to the Court that she has made any subsequent efforts to secure alternative counsel. Indeed, in Ms. Medina's *Motion to Appoint Counsel*, she states only: "I Antoinette R. Medina would like appointment for counsel." (Doc. 3). From her Motion, it is unclear whether Ms. Medina has contacted other law firms or organizations in an attempt to secure counsel.

There are numerous attorneys and law firms that specialize in social security appeals and many that take cases on a contingency-fee basis. In addition, there are resources for Ms. Medina to find pro bono counsel, such as the State Bar of New Mexico, (1-800-876-6227), and the National Organization of Social Security Claimants' Representatives, (1-800-431-2804). The Court will also direct the Clerk to send Ms. Medina a "Guide for Pro Se Litigants," which contains a list of local pro bono attorneys. *See Guide for Pro Se Litigants*, at 5. Thus, because it is unclear whether Ms. Medina has pursued any of these potential forms of representation, the Court is not satisfied that she has displayed a diligent effort in seeking counsel.

Finally, the Court has no information regarding the merits of Ms. Medina's claim. The only facts that can be deduced from Ms. Medina's complaint are: (1) that her social security claim was denied at the administrative level; and (2) that she no longer has an attorney. (Doc. 1 at 2). Therefore, the Court is unable to evaluate the merits of Ms.

3

Medina's claim and cannot adequately analyze whether counsel's appointment is necessary to avoid fundamental unfairness.

Based on the foregoing, the Court finds that Ms. Medina has not demonstrated that appointment of counsel is warranted at this time. Accordingly, the Court will deny the Motion without prejudice. As a final note, the Court reminds Ms. Medina that as a pro se litigant, she is bound by the rules of the Court, specifically the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Appoint Counsel*, (Doc. 3), is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk send copies of the "Guide for Pro Se Litigants" and the Local Rules of Civil Procedure to Ms. Medina.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE