# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE R. MEDINA,

      Plaintiff,

v.                                                      No. CV 18-762 CG

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Antoinette R. Medina's *Motion to Reverse [or] Remand* (the "Motion"), (Doc. 28), filed March 20, 2019; and Defendant Commissioner Nancy A. Berryhill's *Response to Plaintiff's Motion to Reverse and Remand the Administrative Decision* (the "Response"), (Doc. 31), filed April 24, 2019. Ms. Medina did not file a Reply and the time for doing so has passed.

Ms. Medina filed applications for disability insurance benefits and supplemental security income on April 16, 2014. (Administrative Record "AR" 200, 202). In both of her applications, Ms. Medina alleged disability beginning January 15, 2014. *Id.* Ms. Medina's applications were denied initially on July 23, 2014 and upon reconsideration on December 30, 2014. (AR 120, 124, 133, 135). Shortly after her applications were denied, Ms. Medina requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 2, 2016, before ALJ James Bentley. (AR 29). ALJ Bentley issued his decision on November 23, 2016, finding Ms. Medina not disabled at any time between her initial filing date through the date of his opinion. (AR 22). Ms. Medina requested review by the Appeals Council, which was denied, (AR 1-4), making

1

ALJ Bentley's opinion the Commissioner's final decision for purposes of judicial review.

Ms. Medina, appearing *pro se*, now asks the Court to reverse the ALJ's decision because she is "dealing with a lot [] emotional[ly], mentally, and physically due to [her] disability, which is another reason why [she] [is] declining." (Doc. 28 at 1). The Court has reviewed the Motion, the Response, and the relevant law. Because Ms. Medina does not present an articulable argument before the Court to review, the Court finds Ms. Medina's Motion should be **DENIED** and this case **DISMISSED WITHOUT PREJUDICE**.

**I.    Procedural Posture**

On August 8, 2018, Ms. Medina filed her Complaint in the United States District Court for the District of New Mexico. (Doc. 1). The entirety of Ms. Medina's Complaint alleged the following:

> I filed for SSI at their administrative office back in April, 2014. I was denied, then I hired a lawyer to represent me… Her name is Catalina Marie Laaroussi. During the four years I have declined, I have lots of visits with doctors to this present day. So suddenly on 6/10/2018 I received a notice of Appeals of Council Action Letter. So, I called Catalina to get more info about the letter. I left her numerous messages, being that she was still representing me …. She never returned my calls. Ins[t]ead she sent me a letter stat[]ing she was unable to appeal my case and that I need to file a civil action by filing a complaint in the United States District Court. Basically the same as what SSI is telling me what to do.

(Doc. 1 at 2). Simultaneous with the filing of her Complaint, Ms. Medina also filed a *Motion for Leave to Proceed in Forma Pauperis*, (Doc. 2), and a *Motion to Appoint Counsel*, (Doc. 3). On August 13, 2018, the Court granted Ms. Medina's *Motion to Proceed in Forma Pauperis*. (Doc. 6). Shortly thereafter, on September 27, 2018, the Court denied Ms. Medina's *Motion to Appoint Counsel* without prejudice, (Doc. 8), and

directed the United States Marshal to serve a copy of the Summons and Complaint on the United States Attorney, (Doc. 9).

In its *Order Denying Motion for Appointment of Counsel*, the Court explained that Ms. Medina failed to demonstrate due diligence in attempting to secure counsel on her own. (Doc. 8 at 2). The Court stated that unlike other civil cases, "social security attorneys often require no payment from the plaintiff unless a verdict is returned in the plaintiff's favor." *Id.* The Court listed a number of resources to assist in Ms. Medina's search for counsel, including the phone numbers of the State Bar of New Mexico and the National Organization of Social Security Claimants' Representatives. *Id.* at 3. The Court also ordered the Clerk of Court to send Ms. Medina a copy of the Local Rules of Civil Procedure and a copy of the *Guide for Pro Se Litigants*. *Id.* at 4.

On October 3, 2018, the Court received a letter from Ms. Medina's mother, Patricia Sepulveda, explaining the impact of Ms. Medina's disability on her family and relatives. (Doc. 11). On January 7, 2019, the Social Security Administration filed its Answer, (Doc. 21), and an *Unopposed Motion to Seal the Administrative Record*, (Doc. 22). Shortly thereafter, the Court granted the Administration's *Motion to Seal* and set this case on a briefing schedule. (Doc. 24); (Doc. 25). Ms. Medina then filed a document entitled "Order Setting Briefing Schedule," explaining that she had "decided for [her] case to stay through Federal Court." (Doc. 26 at 1).

On March 12, 2019, the Court entered an *Order to Show Cause*, explaining that Ms. Medina was directed to file her Motion to Reverse or Remand by March 8, 2019, and ordered Ms. Medina to file her Motion within fourteen days or risk her case being dismissed for want of prosecution. (Doc. 27 at 1). In response to the Court's Order, Ms.

Medina timely filed her *Motion to Reverse [or] Remand*, (Doc. 28 at 1). This Motion, in its entirety, sets forth the following:

> I Antoinette R Medina, hereby to the best of my knowledge wish to do a Motion Revers[e] [or] Remand. It's been a long and stressful process with my case pending going on five years. I had a lawyer that represented my case and as of mid 2018 she was no longer my lawyer. She refer[re]d me to district court. Since then I have been trying to represent myself. Therefore I would like for my case to continue and to be heard. I am dealing with a lot of emotional, mentally, and physically due to my disability. Which is another reason why I am declining.

(Doc. 28 at 1). The Commissioner filed a Response on April 24, 2019 and Ms. Medina did not file a Reply. (Doc. 31). As such, Ms. Medina's Motion is now ripe for disposition.

**II.    Analysis**

The court may dismiss a complaint *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) when the complaint fails to state a viable claim for relief. Under Rule 12(b)(6), the court may dismiss the complaint absent a motion to dismiss "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). To comply with the pleading requirements of Rule 12(b)(6), a "plaintiff must allege enough factual matter, taken as true, to make [her] claim to relief … plausible on its face." *Bryson v. Gonzales*, 534 f.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

In making this determination, the court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v.*

*Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "The complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citation and internal quotation marks omitted). In addition, the court cannot consider matters outside of the pleading, nor is it required to accept conclusory or unsupported allegations. *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989).

In reviewing a *pro se* plaintiff's complaint, the court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Indeed, a plaintiff's "pro se status does not relieve [her] from complying with the court's procedural requirements." *Barnes v. United States*, 173 Fed. Appx. 695, 697 (10th Cir. 2006) (unpublished) (citation omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 Fed. Appx. 927, 931 (10th Cir. 2005) (unpublished) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants). In addition, the court may not craft legal theories on behalf of the plaintiff, nor can it dig through the evidence to supply factual allegations to support the plaintiff's claims. *Hall*, 935 F.2d at 1110. In short, the Court may not assume the role of advocate on behalf of a *pro se* litigant. *Id.*

Here, Ms. Medina has failed to make specific factual allegations or cite to legal authority supporting a claim for relief. *See* (Doc. 1). Furthermore, Ms. Medina has not alleged any specific error on the part of the Commissioner which the Court may meaningfully review. *Id.* As a result, Ms. Medina's Complaint fails to satisfy both Local Rule 7.3 and the pleading threshold mandated by the United States Supreme Court in *Twombly* and its progeny. *See, e.g., Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at

5

556; D.N.M.LR 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced.").

The Court has provided Ms. Medina guidance and given her ample time to either seek counsel or draft a complaint that complies with the local rules. *See* (Doc. 8 at 3). However, the current Complaint and Motion before the Court do not contain sufficient allegations for the Court to conduct a meaningful review of the ALJ's decision. Therefore, Ms. Medina's Motion must be denied and because of her *pro se* status, the Court will dismiss this action without prejudice.

### III.     Conclusion

**IT IS THEREFORE ORDERED** that Ms. Medina's *Motion to Reverse [or] Remand*, (Doc. 28), is **DENIED** and this case is to be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE